UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THE APPLICATION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR ACCESS TO CERTAIN SEALED COURT RECORDS | 1:16-mc-02183-CKK<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK |

## RESPONSE TO THE APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the above-captioned Application of the Reporters Committee for Freedom of the Press for Access to Certain Sealed Court Records ("Application") as follows:

Response

On October 21, 2016, the Reporters Committee for Freedom of the Press filed the above-captioned Application seeking access to certain sealed court records in the matter of United States v. Stephen Jin-Woo Kim, Criminal No. 1:10-cr-00225-CKK, to include any search warrants, applications for pen registers and trap and trace devices, and applications made pursuant to 18 U.S.C. § 2703(d), as well as all sealed court documents associated with such filings. After receiving the Application, the Government undertook a search of its files and located documents responsive to the Application. The Government then conducted a review of those items and determined that there is no longer a law enforcement basis to keep the items under seal. The Government informed counsel for the Reporters Committee that it intended to move to unseal and,

if such motions are granted, to place on the public docket all of the items sought by the Application. Specifically, the Government states:

1. <u>Search Warrants</u>. Any and all search warrants sought by the Application, to include all associated court filings, in the matter of <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK have been previously unsealed and released on the public docket[1];

2. <u>Pen Registers and Trap and Trace Devices</u>. The Government has searched its case files and identified all sealed applications which were made for pen registers and trap and trace devices pursuant to 18 U.S.C. §§ 3121-3127 in the matter of <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK. The orders accompanying each of these applications found that sealing would further the legitimate prosecutorial interest in preserving the integrity of the ongoing criminal investigation and prosecution. After review, the Government has determined that the stated basis for sealing no longer exists. Accordingly, the Government will move to unseal all of the documents associated with the aforementioned pen registers and trap and trace devices;

3. <u>18 U.S.C. § 2703(d) Orders</u>. The Government has searched its case files and identified all sealed applications which were made pursuant to 18 U.S.C. § 2703(d) in the matter of <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK. The orders accompanying each of these applications found that sealing would further the legitimate prosecutorial interest in preserving the integrity of the ongoing criminal investigation and prosecution. After review, the Government has determined that the stated basis for sealing no longer exists. Accordingly, the Government will move to unseal all of the documents associated with the aforementioned § 2703(d) applications.

---

[1] Redactions of personally identifiable information, or PII, and other redactions were taken from the documents prior to public release in order to, *inter alia*, protect the privacy and ensure the security of the individuals at issue.

The Government expects that it will be in a position to move to unseal all of the items sought by the Application within approximately thirty days.[2]  In those motions, the Government will present redacted versions of the documents to the Court designed to, *inter alia*, protect the privacy and ensure the security of the individuals at issue in the filings.  If and when the Court grants the Government's motions, the Government expects that redacted versions of the documents will be placed on the public docket.

Relief Sought

Based on the foregoing, the Government-Respondent respectfully requests that the Court refrain from ruling on the Reporters Committee Application until such time as said Application can be satisfied or otherwise rendered moot.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By:            /s/
Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

---

[2] The Government has informed counsel for the Reporters Committee of this anticipated time frame.

## CERTIFICATE OF SERVICE

      I certify that on the 23rd day of November, 2016, a true and correct copy of the foregoing instrument was filed via ECF.  A copy of the foregoing will be sent to **Abbe David Lowell, Keith M. Rosen, and Scott William Coyle**, Attorneys for Stephen Kim and **Katie Townsend**, Attorney for Applicant, via regular mail.

      /s/
Deborah A. Curtis
Assistant United States Attorney